UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY D. FENNER,

           Petitioner,

                                       Case No.  1:03-CV-162

v.

                                       HON. ROBERT HOLMES BELL

MARY BERGHUIS,

           Respondent.

_____/

## ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

This matter is before the Court on a Petitioner Stanley D. Fenner's objections to the

Magistrate Judge's January 11, 2006, Report and Recommendation ("R&R") recommending

that Petitioner's § 2254 petition for writ of habeas corpus be denied.  The R&R was duly

served on the parties.

This Court is required to make a *de novo* review upon the record of those portions of

the R&R to which specific objections have been made.  28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of

contention, does not satisfy the requirement that an objection be filed.  The objections must

be clear enough to enable the district court to discern those issues that are dispositive and

contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

A general objection to the entirety of the magistrate's report has the same
effects as would a failure to object.  The district court's attention is not focused

> on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)).

Petitioner's general objection to the R&R "for the reasons set forth in the Memorandum of Law in Support of Petition for Writ of Habeas Corpus" (Pet. Obj. at 1), is clearly insufficient to satisfy the requirement that an objection be filed because it fails to identify his specific concerns with the R&R.

In his first enumerated objection Petitioner objects to the recommended disposition of his ineffective assistance of counsel claim because

> the deficiency is clearly evident in that counsel advised Defendant to plea "nolo contender", counsel did not explain the many ramifications of the plea and by counsel not objecting to the changes in the Pre-Sentence Investigation Report at sentencing and insufficient time to review resulted in a much harsher sentence than counsel advised or Defendant anticipated.

(Pet. Obj. at 1-2).

The Magistrate Judge observed that failure to inform a defendant of the collateral consequences of a plea did not constitute deficient performance, and, even if they did, Petitioner had not shown prejudice. (R&R at 15-16). Petitioner's reiteration that he was not informed of collateral consequences of his plea is unresponsive to the R&R and does not establish that Petitioner is entitled to relief. Moreover, upon review, the Court is satisfied

that the Magistrate Judge correctly analyzed Petitioner's claim of ineffective assistance of counsel in connection with his plea.

To the extent Petitioner is claiming ineffective assistance of counsel at sentencing, this claim is not found in his Statement of Questions Involved in his original brief or any of his supplemental briefs. (Docket #'s 2, 4, 6, 14, 16). Because the issue was not presented to the Magistrate Judge, it was not addressed in the R&R. Absent compelling reasons the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). *See*, *also*, *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")). Because Plaintiff failed to raise the issue of ineffective assistance of counsel at sentencing before the Magistrate Judge, he will be deemed to have waived the argument.

Petitioner's second enumerated objection merely states: "Constitutional errors (pg. 16). Violation of Miranda Rights and violation of the right to counsel." (Pet. Obj. at 2). This broad objection is insufficient to satisfy the requirement that an objection be filed and is insufficient to warrant *de novo* review.

Petitioner's third enumerated objection is to the Magistrate Judge's recommended disposition of his conflict of interest claim. Petitioner contends that he was never informed

that he was no longer being represented by the attorney who he originally retained to represent him.  (Pet. Obj. at 2).

The Magistrate Judge recommended denial of Petitioner's conflict of interest claim because Petitioner failed to show actual prejudice resulting from his attorney's alleged conflict of interest.  Petitioner's assertion that he was never informed of his original attorney's withdrawal is not evidence of actual prejudice and does not cure the defects in his claim that were noted by the Magistrate Judge.  Accordingly,

**IT IS HEREBY ORDERED** that the January 11, 2006, Report and Recommendation of the Magistrate Judge (Docket # 32) is **APPROVED** and **ADOPTED** as the opinion

**IT IS FURTHER ORDERED** that Petitioner's request for habeas relief is **DENIED**.


Date:   February 17, 2006             /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE

4